## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| VISTA INDIA, INC., | : | |
| | : | Civil Action No. 07-1262 (HAA) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION ON MOTION** |
| | : | **TO SEAL** |
| RAAGA, LLC, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

**SALAS, United States Magistrate Judge**

Currently before the Court is a Motion to Seal filed by Defendant Raaga, LLC ("Raaga") pursuant to L. Civ. R. 5.3, to seal exhibits entered into evidence and portions of the transcript of Plaintiff's preliminary injunction hearing ("Hearing"). The Court has considered the papers submitted and is deciding this motion pursuant to Fed R.Civ. P. 78. For the following reasons the Motion is GRANTED in part and DENIED in part.

### I. Background

On March 16, 2007, the Plaintiff Vista India, Inc. ("Vista") filed a complaint against Raaga alleging that Raaga committed cybersquatting in violation of 15 U.S.C. § 1125(d), common law trademark infringement and unfair competition, federal unfair competition in violation of 15 U.S.C. § 1125(a) and tortious interference with prospective economic advantage, and sought injunctive relief on these issues. Raaga denied the allegations and filed counterclaims against Vista. The Court held the Hearing on July 12, 2007.

Prior to the Hearing, Vista began serving Raaga with various discovery requests, which Raaga refused to produce without a protective order.  A protective order was submitted to the Court on July 9, 2007.  Vista again requested the documents, and agreed that it would honor the terms of the protective order prior to its execution by the Court, if Raaga submitted the requested discovery. Raaga, relying on Vista's promise, produced the requested documents and marked them as Confidential.

Before the Hearing, Raaga informed Vista that it would use the confidential documents during the Hearing so long as Vista honored the protective order.   At the Hearing, Raaga informed the Court about the pending protective order and used the confidential documents without any objections from Vista.  During the Hearing, Senthil Venkataramani testified about several of the confidential documents.  The protective order was signed on July 19, 2007.

Raaga requests that the Court seal Raaga's Confidential Exhibits, Numbers 17-43, 64 and 74 which are license and settlement agreements between Raaga and outside third parties, and pages 136-45, 147-49, 161-72, 178-79, and 184-85 of the Hearing transcript.  [Def. Br. 3].  Raaga contends that its legitimate private interest in restricting public access to the agreements outweighs the public's right to access documents filed with the Court, because they contain "sensitive financial information," "trade secrets," and "reflect negotiation strategies and pricing terms which are subject to confidential agreements between Raaga, LLC and third parties."  [*Id*. at 3, 5].  They argue that if the agreements are not sealed, Raaga's competitors "will have access to proprietary information about Raaga," and Raaga's "ability to negotiate effectively favorable terms" for future agreements will be inhibited.  [*Id*. at 5-6].  Furthermore, Raaga asserts that disclosing the agreements would result in a violation of the confidentiality clauses in the agreements; therefore a less restrictive

alternative is unavailable. [*Id.* at 6-7].  Finally, Raaga maintains that Vista conceded to the confidentiality of the agreements when it entered into the Protective Order submitted on July 9, 2007. [Def. Reply 4].

Vista insists that the agreements do not contain trade secrets or "for the most part [are] not proprietary or confidential" information. [Pl. Opp. 1, 4].  According to Vista, the license agreements are "virtually identical to each other" with the exception of the licensors' names and dates of the agreements. [*Id.* at 2].  Also, Vista argues that the pricing information in the license agreements is redacted, thus Raaga's ability to negotiate effectively in the future would not be harmed. [*Id.*].  Moreover, the public's interest in access to Raaga's license agreements outweighs Raaga's interest in sealing the agreements because Raaga represents itself as a "legitimate on-line music provider." [*Id.* at 3].

## II.  Discussion

For many years now "the courts of this country [have] recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).  The Third Circuit has also ruled "that there is 'a common law public right of access to judicial proceedings and records.'" *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 496816 at *2 (D.N.J. Feb. 13, 2007) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)).  However, the right to access judicial records is not absolute.  *Nixon*, 435 U.S. at 598.  Although "there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, . . . no such right [exists] as to discovery motions and their supporting documents." *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).  The party seeking to

3

enforce a confidentiality order bears "the burden of justifying the confidentiality of each and every document sought to be" protected. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987).[1]  The party seeking an order of confidentiality must demonstrate good cause to justify the order. *Pansy*, 23 F.3d at 786.  Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury.  *Id.* at 786 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).  The moving party must prove the injury with specificity.  *Id.*

Courts will generally grant motions to seal when the materials contain "'trade secrets or other confidential research, development, or commercial information' to prevent harm to a litigant's standing in the marketplace."  *Mars, Inc.*, 2007 WL 496816 at *2.  *See also CIMA Labs, Inc. v. Actavis Group HF*, No. 07-893 & 06-1970, 2007 U.S. Dist. LEXIS 41516, at *14-15 (D.N.J. June 7, 2007).  "A trade secret is 'any formula, pattern, device, or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" *Securimetrics, Inc.*, 2006 U.S. Dist. LEXIS 22297 at *13 (quoting Restatement Second of Torts, § 757 comment b).

Public access to materials filed with the court may also be restricted to keep private agreements confidential.  *Mars, Inc.*, 2007 WL 496816 at *2-3; *CIMA Labs, Inc.*, 2007 U.S. Dist.

---

[1]The Third Circuit in *Pansy* also considered other factors before restricting public access to documents including: (1) whether disclosure violates any privacy interests, (2) whether disclosure will cause a party embarrassment, (3) whether the information relates to public health and safety, (4) whether disclosure will promote "fairness and efficiency," (5) whether the party benefitting from the documents being sealed is a public entity or official, and (6) whether the case involves important public issues.  *Pansy*, 23 F.3d at 787-89.

4

LEXIS 41516 at 15 (holding that protecting trade secrets contained in the materials was a legitimate private interest, and if the materials were disclosed, the moving party's competition would have access to the information causing them to suffer a loss).  For example, the court in *Mars, Inc.* recognized the confidentiality of a business agreement as a legitimate private interest. *Id*. at *2.  In *Mars, Inc.,* the plaintiff was moving to seal various agreements between the plaintiff and third-parties, and various provisions in a purchase order agreement.  *Id*. at *1.  The court reasoned that the plaintiff had a legitimate private interest in maintaining the confidentiality of terms to a business agreement that are not available to the public.  *Id*. at *2.  Furthermore, the court held that if the terms of the business agreement were disclosed to the public, the parties to the agreement could lose their future competitive negotiating positions and strategies, causing them to suffer serious injury.  *Id*.  Accordingly, the court held that no less restrictive alternative would be available for the disclosure of the business agreements because public access to any terms of the contracts could result in the previously stated serious injury.  *Id*. at 3.

Local Civil Rule 5.3 "govern[s] any request by a party to seal, or otherwise restrict public access, to any materials filed with the Court."  L. Civ. R. 5.3(a)(1).  Before restricting public access to judicial documents, the court must look at:

> (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

L. Civ. R. 5.3(c)(2).  The Court will examine the factors set forth in Rule 5.3(c)(2).

**A.  The Nature of the Materials or Proceedings at Issue**

As discussed previously, the materials at issue are confidential license and settlement agreements between Raaga and outside third parties, and portions of the Hearing transcript that refer and discuss these confidential documents.

**B.  The Legitimate Private or Public Interests Which Warrant the Relief Sought**

Raaga states that the confidential agreements contain trade secrets and should be protected from public access.  Raaga states that these agreements "reflect negotiation strategies and pricing terms which are subject to confidential agreements between Raaga, LLC  and third parties." [Def. Br. at 5].   The Court finds that Raaga has a legitimate private interest in maintaining the confidentiality of the terms of its agreements and should be sealed.  Like the agreements at issue in *Mars, Inc.*,  the terms of Raaga's agreements are not available to the public, and Raaga has legitimate private interest in keeping these terms private.  *See Mars, Inc.*, 2007 WL 496816 at * 2.  As to the Hearing transcript, Raaga has a legitimate public interest in protecting the portions of the Hearing that discusses the confidential agreements.

The Court is not persuaded by Vista's contention that the agreements are not confidential. By signing the protective order, Vista conceded the fact that these documents are in fact confidential.[2]  Also, while a majority of the agreements are essentially identical, this does not diminish the confidential nature of each document.  Each document can be identical yet still confidential.  Furthermore, merely because many of the documents have the price redacted, other

---

[2] The Court points out that just because a document is marked confidential and subject to a protective order, does not automatically mean a document can be sealed.  The document must still satisfy the standard set forth in Rule 5.3.

provisions of the agreement can be the result of negotiation and strategy on the part of Raaga.  Price is not the only term in a contract that can be deemed confidential.

### C. The Clearly Defined and Serious Injury that Would Result if the Relief Sought is Not Granted

Raaga argues that it will suffer a competitive disadvantage if its license and settlement agreements are disclosed, because it will "dampen Raaga, LLC's ability to negotiate effectively favorable terms on which it is willing to condition further agreements relating to the streaming of music on its website." [Def. Br. at 6].  The Court finds that Raaga would suffer a clearly defined injury if these agreements are disclosed.  If Raaga's competitors become aware of the terms in the agreements, they can successfully prevent Raaga from obtaining future license agreements with their current or future licensors.  In addition, disclosure would give future potential customers an advantage in negotiation if they are able to view Raaga's past and current agreements.  This is a sufficient harm to seal the documents.

### D. Why a Less Restrictive Alternative to the Relief Sought is Not Available

The Court finds that there is no less restrictive alternative available then sealing the documents and Hearing.  However, after reviewing the Hearing transcript, the Court finds that sealing all of the pages that Raaga has requested is far too broad.  Much of the testimony in those pages does not refer to actual agreement provisions.  Any information concerning the names or dates of the parties and agreements does not rise to the level of sealing.  Neither does any testimony that discusses the negotiation of the agreements.[3]   The fact that the public is aware of the companies

---

[3] The Court has fully read and analyzed the portions of Hearing that Raaga wishes to seal. The Court has found that much of the testimony that refers to negotiations merely discusses time frames and not any specific strategy or negotiation tactics on the part of Raaga.  The Court would

Raaga has agreements with does not give Raaga a competitive disadvantage.  Only revealing specific terms of the agreements would create a competitive disadvantage. *See Mars, Inc.*, 2007 WL 496816 at * 3.  Accordingly, only the testimony of Mr. Venkataramani that discusses any information about the terms of the license and settlement agreements should be sealed.

### III.  Conclusion

For the foregoing reasons, the Court finds good cause to grant Raaga's motion to seal.  The Court finds that Raaga has met the requirements of L.Civ.R. 5.3(c)(2) and Raaga's interest in maintaining the confidentiality of the agreement provisions outweighs the public interest in gaining the information.

**IT IS** on this 27th day of March, 2008,

**ORDERED** that Raaga's Motion for Protection of Confidential Materials Under Seal is **GRANTED** in part and **DENIED** in part in accordance with the terms of this Opinion and Order;

**AND IT IS FURTHER ORDERED** that Raaga's Confidential Exhibits, Numbers 17-43, 64 and 74 are sealed;

**AND IT IS FURTHER ORDERED** that only the  following pages and lines of the July 12, 2007 transcript are to be sealed. Pages 139  lines 5-13, pages 141-142, page 161 lines 6-13, page 165, page 169 lines  8-22, and page 178 lines 6-15.

s/ Esther Salas
_____
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**

---

be hard pressed to find any testimony at the Hearing that could properly be considered a trade secret.  Furthermore, the Court does not find that if revealed to the public, any of this information would give Raaga a competitive disadvantage.  Therefore, only testimony that refers to actual agreement provisions warrants sealing.